IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL SHANNON, # N-43475,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. 15-cv-1276-MJR |
| ) | |
| WEXFORD HEALTH SOURCES, INC.,    ) | |
| KEVIN HALLORAN,    ) | |
| KIMBERLY BUTLER,    ) | |
| C/O ASTIN, C/O FITZGERALD,    ) | |
| and UNKNOWN PARTIES (Doctor, Nurse,    ) | |
| Med-Tech, and Acting Sergeant),    ) | |
| ) | |
| Defendants.    ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is currently incarcerated at Stateville Correctional Center ("Stateville"), where he is serving a life sentence for murder. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, over alleged constitutional violations that occurred while he was confined at Menard Correctional Center ("Menard"). Plaintiff claims that Defendants were deliberately indifferent to his serious health condition, when he suffered a severe asthma attack and they failed to provide him with medical assistance. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable

person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards to Plaintiff's complaint, his deliberate indifference claims against some Defendants survive review under § 1915A. However, other Defendants shall be dismissed from the action.

**The Complaint**

On June 29, 2014, there was a power outage at Menard. Plaintiff's cell was extremely hot, and he was unable to use his fan due to the lack of power. The cell's ventilation was very poor, and these conditions triggered Plaintiff's asthma attack (Doc. 1, p. 7). Plaintiff began to sweat intensely, and was unable to catch his breath because of his wheezing and

coughing.  His cellmate kicked on the cell door and yelled to get the attention of the guards on duty.

About five minutes later, Defendant Astin responded, followed by Defendant Fitzgerald and Defendant Sergeant John Doe.  All three observed Plaintiff coughing and wheezing from the asthma attack.  They told him that a nurse or med-tech would be there in five minutes to help him.  However, nobody came to assist Plaintiff.  Plaintiff claims that the normal procedure when an inmate is unresponsive is to call for a "Code 3" so that medical staff would promptly arrive to help, but Defendants Astin, Fitzgerald, and the John Doe Sergeant failed to do this.

Some ten minutes later, Defendant Astin returned to check on Plaintiff.  The cellmate informed him that Plaintiff was either sleeping or passed out, because Plaintiff had not moved for about ten minutes.  Plaintiff asked Defendant Astin what was taking the nurse so long, but Defendant Astin laughed and walked away without answering (Doc. 1, p. 8).  No medical personnel ever came to assist Plaintiff.  Plaintiff thought he was going to die, and slipped in and out of consciousness through the night.

Plaintiff claims that the medical staff (Unknown Parties) violated his Eighth Amendment rights when they failed to provide any medical services to him for the asthma attack.  Invoking the Eighth and Fourteenth Amendments, Plaintiff asserts that Defendant Wexford Health Sources, Inc. ("Wexford") should also be held liable, because they promised to provide the same level of care to prisoners as is available at "any hospital in the free world" (Doc. 1, p. 8).  He claims that Defendant Halloran (C.E.O. of Wexford) has done nothing to address the illegal actions, thus he has condoned the conduct of the Menard medical staff (Doc. 1, p. 9).  Plaintiff also asserts that Defendant Warden Butler violated his rights by failing to protect him,

failing to enforce the contract with Defendant Wexford, and failing to properly train correctional officers to handle emergencies such as his.

Plaintiff seeks declaratory and injunctive relief as well as damages (Doc. 1, pp. 9-10).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants Astin, Fitzgerald, and the John Doe Sergeant, for failing to summon medical assistance for Plaintiff when he suffered a serious asthma attack on June 29, 2014;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against the John Doe/Jane Doe Menard Medical Professional(s) on duty on June 29, 2014, for failing to respond when Plaintiff suffered a serious asthma attack;
>
> **Count 3:** Eighth and Fourteenth Amendment claims against Defendants Wexford and Halloran for failing to provide adequate medical care for Plaintiff's asthma attack;
>
> **Count 4:** Eighth Amendment deliberate indifference claim against Defendant Butler for failing to ensure that Plaintiff received adequate medical care for his asthma attack.

Accepting Plaintiff's factual allegations as true, and giving them liberal construction, the Court finds that Plaintiff's claims in Counts 1 and 2 above survive threshold review under § 1915A and shall proceed. However, Counts 3 and 4 shall be dismissed for failure to state a claim upon which relief may be granted.

With reference to Plaintiff's rather detailed requests for injunctive relief, the fact that he is currently incarcerated at Stateville dictates that these requests are moot. "[W]hen a

prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Menard under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Deliberate Indifference to a Serious Medical Condition**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. A medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a

defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's asthma attack and inability to breathe was a condition that appeared to require immediate medical attention, and was obvious enough for a lay person to recognize the need for medical care. The complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

**Count 1 – Defendants Astin, Fitzgerald, and the John Doe Sergeant**

Plaintiff's description of the events following his asthma attack suggests that these three officers failed to call for medical assistance, despite telling Plaintiff that a med-tech would be arriving shortly. Alternatively, they may have requested medical help, but then failed to follow up to see that a medical professional received the distress call. It is also possible that Defendant Astin decided that Plaintiff no longer needed medical care, after Plaintiff asked him why the nurse was taking so long to get there. Any of these scenarios could support a claim for deliberate indifference to a serious medical need against these officers. They were not medical professionals, but each of them observed Plaintiff's condition and was aware of his distress and difficulty breathing. The deliberate indifference claim in **Count 1** shall therefore proceed against Defendants Astin, Fitzgerald, and the John Doe Sergeant. Of course, Plaintiff will have to identify the John Doe Sergeant by name before he can be given notice of this claim against him.

**Count 2 – Unknown Medical Professional Defendants**

The initial merits of the deliberate indifference claims against the John/Jane Doe Medical Professional(s) on duty during Plaintiff's asthma attack depends on whether they

received any actual notice of Plaintiff's need for medical care.  If the Defendants in Count 1 never communicated a request to the doctor, nurse, med-tech, or other medical professional(s) to inform them of Plaintiff's condition and need for treatment, then the Medical Defendant(s) would have no knowledge at all of Plaintiff's situation.  In this scenario, the Medical Defendant(s) could not be found to be deliberately indifferent to a known risk of serious harm to Plaintiff, because they had no such knowledge.

On the other hand, if the Defendant Officers in Count 1 did in fact tell the Medical Defendant(s) that Plaintiff was having an asthma attack and needed medical care, Plaintiff may be able to sustain a deliberate indifference claim against the Medical Defendant(s) who were informed of his condition, yet failed to respond.  Plaintiff, of course, was not in a position to know what communication there was (if any) between Defendants Astin, Fitzgerald, or the John Doe Sergeant, and the Medical Defendant(s).  Giving liberal construction to Plaintiff's factual allegations, the Court will assume at this stage that a request for medical care was relayed to the Medical Defendant(s).  Accordingly, Plaintiff's deliberate indifference claim in **Count 2** shall also receive further consideration.  However, Plaintiff must identify by name the Medical Defendant(s) who were on duty on June 29, 2014, before the action can proceed against them.

**Dismissal of Count 3 – Defendants Wexford and Halloran**

Plaintiff asserts that Defendant Wexford should be liable for the failure of its employees to provide him with medical care, because it made a promise and has a contract to provide the same level of care to prisoners as they would receive in an outside hospital. However, this is not the legal standard that determines whether a corporation such as Defendant Wexford violated a prisoner's constitutional rights.

Defendant Wexford Health Sources, Inc., is a corporation that employs the Unknown Medical Professional Defendants at Menard and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Plaintiff has not alleged that Defendant Wexford had any policy or practice to deny treatment to inmates who suffer an asthma attack or other emergency health issue, or to ignore his chronic asthma condition. Further, the facts recited in his complaint do not indicate that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford. Finally, Plaintiff's suggestion that Defendant Wexford treats prisoners differently than non-prisoners does not implicate any Fourteenth Amendment equal protection concerns. Plaintiff therefore fails to state a constitutional claim upon which relief may be granted against Defendant Wexford.

Likewise, no claim is stated against Defendant Halloran, Wexford's C.E.O. Plaintiff's only allegation against him is that he is a supervisor for Defendant Wexford, and he failed to do anything in response to the "illegal actions" Plaintiff describes in the complaint. Therefore, Plaintiff reasons, he "condoned" the conduct of the employees who failed to give Plaintiff any medical treatment.

This theory misses the mark, because there is no supervisory liability in a civil rights action brought under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions). A supervisor may be

held liable only if he or she was personally involved in the conduct which violated the prisoner's rights. *Id.*; *see also Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The facts in Plaintiff's complaint reveal no involvement whatsoever by Defendant Halloran in the events of June 29, 2014. Instead, Plaintiff indicates that Defendant Halloran only became aware of the failure to provide Plaintiff with medical care after some time had passed, if he ever learned of it at all. And again, there is no indication that Defendant Halloran orchestrated any policy or practice, in his role as a Wexford corporate officer, that resulted in the denial of medical care to Plaintiff.

For these reasons, **Count 3** against Defendants Wexford Health Sources, Inc., and Halloran shall be dismissed without prejudice.

**<u>Dismissal of Count 4 – Defendant Butler</u>**

The discussion above regarding supervisory liability applies equally to Defendant Butler, the Warden of Menard. Plaintiff's allegations that Defendant Butler is responsible to train Menard employees, enforce the contract with Wexford, oversee the maintenance and upkeep of the prison, and protect the inmates housed at Menard, are all generally correct. However, these factors do not suffice to impose liability on her as a supervisor for the alleged deliberate indifference of the Defendants named in Counts 1 and 2.

The complaint does not indicate that Defendant Butler had any direct personal involvement in the actions of the Defendants who failed to provide Plaintiff with medical care for his asthma attack. Therefore, there is no basis to hold Defendant Butler liable for deliberate indifference to Plaintiff's condition. It is true that where a supervisory defendant is alleged to have directed the conduct or to have given knowing consent to the conduct which caused a constitutional violation, that defendant has sufficient personal involvement to be responsible for

the violation, even though that defendant has not participated directly in the violation. *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")). However, Plaintiff's complaint contains no suggestion that Defendant Butler had any knowledge about the conduct of the Defendants described in Counts 1 and 2, let alone that she approved or purposely ignored it.

For these reasons, **Count 4** against Defendant Butler shall be dismissed without prejudice.

However, Defendant Butler shall remain as a party to this action, in her official capacity only as Menard Warden, so that she may respond to Plaintiff's reasonable discovery requests regarding the identities of the Unknown Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (collecting cases) (court may employ various means to facilitate *pro se* prisoner's discovery of identities of parties who may have violated his rights).

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to the United States Magistrate Judge for further consideration.

The motion for leave to proceed in forma pauperis ("IFP") (Doc. 4) shall be addressed in a separate order, after Plaintiff's complete trust fund information is received (See

Doc. 5).

**Disposition**

**COUNTS 3 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **WEXFORD HEALTH SOURCES, INC., HALLORAN,** and **BUTLER (in her individual capacity)** are **DISMISSED** from this action without prejudice.

 (john doe defs)

The Clerk of Court shall prepare for Defendants **BUTLER (in her official capacity as Warden of Menard), ASTIN** and **FITZGERALD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
