IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL SHANNON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-cv-1276-SMY-GCS |
| MICHAEL ASTIN, ZACHARY FITZGERALD, and KIMBERLY BUTLER, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Gilbert C. Sison (Doc. 79), recommending the undersigned grant Defendants' Motion for Summary Judgment (Doc. 55). Plaintiff filed a timely objection (Doc. 80). For the following reasons, Judge Sison's Report and Recommendation is **ADOPTED**.

## Background

Plaintiff Darryl Shannon is currently incarcerated at Stateville Correctional Center ("Stateville"). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, asserting constitutional violations that occurred while he was confined at Menard Correctional Center ("Menard"). Shannon claims Defendants Michael Astin and Zachary Fitzgerald violated his Eighth Amendment rights by failing to provide him with medical assistance during a severe asthma attack that occurred around 6:00 p.m. on June 29, 2014. Defendants moved for summary judgment, contending they were not working at the time of Shannon's asthma attack.

For his Report, Judge Sison considered the following evidence: Menard maintains a roster of the correctional officers who work each shift in the segregation unit where Shannon was assigned during his asthma attack. The roster for June 29, 2014, establishes that Astin worked from 7:00 a.m. until 3:00 p.m., and did not work overtime on June 29, 2014. Astin also submitted a Declaration stating that he leaves Menard after his shifts end. Fitzgerald had the day off on June 29, 2014. Fitzgerald submitted a Declaration stating that June 29, 2014 was his scheduled day off and he was not present at Menard that day. Shannon testified that his cell door – made of solid steel – remained closed and the door only had a small window that was difficult to see through. Based on this evidence, Judge Sison concluded a reasonable jury could not find that either defendant was one of the officers who allegedly failed to respond to Plaintiff's asthma attack.

## Discussion

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Causation of harm is an essential element of a deliberate indifference to medical needs claim. *See Henderson v. Sheahan,* 196 F.3d 839, 848 (7th Cir. 1999). To succeed on such a claim, a plaintiff must demonstrate both that he has suffered an 'actual' present injury and that there is a causal connection between that injury and the deprivation of a constitutionally protected right caused by a defendant. *Id*.

Shannon raises no objections to the factual findings in the Report. His primary objection is to the denial of his multiple motions for recruitment of counsel. However, there is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Shannon's submissions to the Court demonstrate that he possesses the literacy, communication skills and intellectual capacity to litigate his case. As such, the Court finds that the denial of appointed counsel is not grounds for denying Defendants' motion for summary judgment and, therefore, overrules Plaintiff's objections.

The Court also agrees with Judge Sison that there is insufficient evidence from which a reasonably jury could conclude that either defendant was one of the officers who responded to Plaintiff's asthma attack. There is no evidence that Defendants were working at the time of Shannon's asthma attack, and it is undisputed that Shannon could not see out of the small window of his cell to identify the guards. The evidence, even when viewed in Shannon's favor, warrants granting summary judgment for Defendants.

After thoroughly reviewing the record before it, the Court finds Judge Sison's factual findings and analysis to be thorough and accurate and **ADOPTS** his Report and Recommendation (Doc. 79) in its entirety. Accordingly, Defendants' Motion for Summary Judgment (Doc. 55) is **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 11, 2019**

**STACI M. YANDLE**
**United States District Judge**